IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAMARIS QUINN                                                                               PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:10cv519-FKB

CHRISTOPHER EPPS                                                                       DEFENDANT

MEMORANDUM OPINION

This an action brought by a state inmate pursuant to § 1983.  A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.  Having considered Plaintiff's allegations and his testimony at the omnibus hearing, the Court concludes that this action should be dismissed as frivolous.

Plaintiff has sued Christopher Epps, Commissioner of the Mississippi Department of Corrections, for failure to provide adequate medical treatment. According to Plaintiff, in September of 2009 he fell while climbing out of a prison van.  As a result of his fall, he sustained a broken jaw and some broken teeth.  He alleges that the medical staff failed to discover the jaw fracture for two weeks and then merely let it heal on its own.

The Court concludes that Plaintiff has failed to state a claim against Defendant Epps.  Where the wrong complained of is a denial of medical treatment, a prisoner must allege deliberate indifference to serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish deliberate indifference, a prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). Plaintiff's allegations do not rise to the level of deliberate indifference. Indeed, he has failed to alleged any personal involvement at all on the part of Defendant Epps. Rather, he has obviously sued Epps solely because of his role as Commissioner. This is insufficient to state a claim against Epps: There is no respondeat superior liability under § 1983. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must establish that the defendant directly participated in the denial of his constitutional rights. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).

    For this reason, this action will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate judgment will be entered.

    So ordered and adjudged, this the 27th day of July, 2011.

                                /s/ F. Keith Ball

                                UNITED STATES MAGISTRATE JUDGE